### TRUSTEES OF INDEPENDENT SCHOOL DIST. OF CLEBURNE v. JOHNSON COUNTY DEMOCRATIC EXECUTIVE COMMITTEE et al.

#### No. 6250.

Supreme Court of Texas.

July 2, 1932.

Walker & Baker, of Cleburne, for plaintiffs in error.

Mitchell Davis and Penn J. Jackson, both of Cleburne, for defendants in error.

GREENWOOD, J.

G. Cone Smith and others, members of the County Democratic Executive Committee of Johnson County, as relators, and T. E. Darcy and others, the county judge and county commissioners of Johnson county, as interveners, sued C. L. Edgar and others, trustees of the independent school district of the city of Cleburne, as respondents, in the district court of Johnson county, to compel the trustees to allow relators and interveners to use certain schoolhouses in the city of Cleburne for the purpose of holding Democratic primaries on July 23, 1932, and August 28, 1932, and for the purpose of holding the general election on November 8, 1932. The district court rendered judgment awarding relators and interveners a writ of mandamus to compel the trustees to permit said schoolhouses to be used for holding said primaries and general election, and the Waco Court of Civil Ap-

peals affirmed the judgment of the district court.

The Court of Civil Appeals based its judgment on the conclusion that article 2932 of the Revised Statutes so limited the right of the trustees to possess, control, and manage public free school houses in a city which has assumed control and management of its public free schools and which has determined that such control and management shall be in the board of trustees, that the trustees could not lawfully withhold such houses from use for holding primaries or elections under the finding of the trial court that it was practicable to hold the primaries and general election in the schoolhouses, despite the action of the trustees in refusing to consent to the holding of the primaries and election in the buildings under their control. 52 S.W. (2d) 68.

Article 2932 provides that: "In all cases where it is practicable so to do, all elections shall be held in some school house, fire station or other public building within the limits of the election precinct in which such election is being held. No charge shall be made for the use of such building, except that any additional expense actually incurred by the authorities in charge of such building on account of the holding of the election therein shall be repaid to them by the party who would be liable for the expenses of holding the election under the existing law. If there be no public building so available, such election may be held in some other building."

■ We think it manifest that article 2932 governs only general and special elections and not primaries, since the place of holding primary elections is expressly and differently provided for in article 3103 of the Revised Statutes, which reads: "The places of holding primary elections of political parties in the various precincts of the State shall not be within one hundred yards of the place at which such elections or conventions are held by a different political party. When the chairmen of the executive committees of the different parties cannot agree on the places where precinct primary elections to be held on the same day shall be held, such places in each precinct shall be designated by the county judge, who shall cause public notice thereof to be given at once in some newspaper in the county, or if there be none, by posting notices in some public place in the precinct."

■ It is not necessary for us to determine how the words "elections" and "election" would be construed in article 2932 under the decisions of Koy v. Schneider, 110 Tex. 369, 218 S. W. 479, 221 S. W. 880, and Newberry v. United States, 256 U. S. 232, 41 S. Ct. 469, 65 L. Ed. 915, in the absence of article 3103. It suffices to say that the language of articles 2932 and 3103 makes clear the intention of the Legislature that article 2932 is designed to regulate places for holding governmental elections and article 3103 is intended to fix the places for holding party primaries.

■ Our interpretation of article 2932 avoids a grave constitutional question as to its validity. The question is: How could the court hold that the Legislature might lawfully compel the diversion of public school property to a nongovernmental and mere party use, while adhering to its previous opinion that a statute was unconstitutional which directed the expenditure of public funds for a nongovernmental party use? Waples v. Marrast, 108 Tex. 6, 184 S. W. 180, L. R. A. 1917A, 253. As said by this court in Westerman v. Mims, 111 Tex. 38, 227 S. W. 178, 181, it is our duty to construe statutes, where their words reasonably admit of it, in such manner as to uphold their validity. 9 Tex. Jur. § 63, p. 485. In that case, as here, we recognize the soundness of the rule "that where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise, and by the other of which such questions are avoided, our duty is to adopt the latter." United States v. Del. & H. Co., 213 U. S. 408, 29 S. Ct. 527, 536, 53 L. Ed. 849; Grenada County Supervisors v. Brogden, 112 U. S. 269, 5 S. Ct. 125, 28 L. Ed. 704.

■ The board of trustees under the express terms of article 2772 of the Revised Statutes having "the exclusive control and management of such school property" and having "the exclusive possession thereof," and there being no statute undertaking to interfere with such possession or control for the benefit of mere political parties, the judgments of the courts below are wholly unauthorized in so far as they order the trustees to permit the Democratic primaries to be held in the buildings in the custody of the board of trustees.

■■ It is equally plain that article 2932 does not support the judgments of the courts below, requiring the trustees to permit the general election to be held in the school buildings, under the undisputed facts disclosed by this record. The discretion to determine whether it is practicable to hold elections in schoolhouses, in cities assuming exclusive control and management, through a board of trustees, of the public free schools within the limits of the cities, is to be exercised by the trustees. Article 2772, Revised Statutes. The uncontradicted evidence negatives any abuse of their discretion in the action of the trustees. The uncontradicted evidence conclusively shows that the trustees were reasonably and faithfully exercising their discretion in refusing to permit the schoolhouses to be used for holding the general election therein.

It is undisputed that school has been for many years customarily continued on general

because it is a nonresident of such county, and not a necessary party to the suit. In this connection it is noted that Heid Bros. further contend that subdivision 4 of article 1995, R. C. S. of Texas 1925, has been repealed and superseded by chapter 72, Acts 1st Called Sess. 40th Leg. (1927) p. 197 (Vernon's Ann. Civ. St. art. 1995, subds. 7 and 29a); the part thereof pertinent here being section 2 of such act and is carried as subdivision 29a of article 1995, in Vernon's Complete Texas Statutes (Vernon's Ann. Civ. St. art. 1995, subd. 29a), and so referred to hereafter. Before proceeding to discuss the issues here involved, we here copy the two statutes mentioned. They read as follows:

"Art. 1995. No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

"Chapter 72.

"An Act amending Subdivision 7, of Article 1995, of the Revised Civil Statutes of the State of Texas, 1925, more distinctly specifying venue in cases of fraud and defalcation and in cases where two or more defendants are involved, and providing that suit may be brought in any county where fraud is committed or where defalcation occurs; and adding a new Subdivision 29a providing that where suit may be lawfully maintained in any county against one defendant, it may be also maintained in the same county against all parties who are necessary parties to the suit; and declaring an emergency. Be it enacted by the Legislature of the State of Texas:

"Section 1. That Subdivision 7, of Article 1995, of the Revised Civil Statutes of the State of Texas, of 1925, be amended so as to read as follows:

"7. Fraud and Defalcation. In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile.

"Sec. 2. That a new Subdivision be added to Article 1995, to be designated as Subdivision 29a, reading as follows:

"29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

"Sec. 3. The near approach of the end of the Session and the crowded condition of the Calendar, create an emergency and an imperative public necessity that the Constitutional Rule requiring that bills be read on three several days be suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

The opinion of the Court of Civil Appeals, which accompanies the record and certificate, holds that subdivision 29a, supra, has repealed subdivision 4, supra. Such opinion further holds that since such is the case, that is, since 29a has repealed 4, venue does not lie as to a nonresident defendant in a county where there is a resident defendant unless the nonresident defendant is a *necessary* party to the suit. Finally the opinion of the Court of Civil Appeals holds that Heid Bros. is not a necessary party, but merely a proper party, to this suit, and therefore the district court of Bexar county did not err in sustaining its plea of privilege to be sued in El Paso county, Tex., the county of its corporate residence.

A "necessary party" to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party.

Admitting for the purpose of answering the question certified that the term "necessary parties" in subdivision 29a, supra, is used in the ordinary sense as above defined, still we think that Heid Bros. is both a necessary and a proper party to this suit. In this connection it is noted that D. D. Marley and Heid Bros. are jointly and severally liable to the plaintiff bank. We presume that the bank is here asserting all of its rights by seeking both a joint and a several judgment. Such being the case, the bank is entitled to the complete relief sought; that is, it is entitled to a joint judgment against the two defendants, as well as a several judgment against each of them. Of course, a joint judgment could not be rendered against both defendants unless they are both made parties defendant in the same action. It follows that Heid Bros. is both a proper and a necessary party to this suit.

Counsel for Heid Bros. contend that under the holding in Miller v. Sullivan, 89 Tex. 480, 35 S. W. 362, Heid Bros. is not a necessary party to this suit. We think that what we have said above in no wise conflicts with that opinion. Miller v. Sullivan merely holds that either one or more of the joint contractors who are liable on a joint contract can be sued without joining all. Certainly such a holding is not authority to say that where

two persons are jointly and severally liable on an obligation they are not both necessary parties to a suit seeking to enforce the joint, as well as the several liability.

The views we have expressed are to demonstrate that the district court of Bexar county, Tex., has jurisdiction of the person of Heid Bros. in this suit even if it should be held that such jurisdiction must be exercised under the provisions of 29a. This makes it unnecessary for us to express an opinion as to whether 29a has repealed 4. Of course, if 29a has not repealed 4 then venue in this suit lies in Bexar county under both 4 and 29a. We express no opinion on the question of repeal, as it is not necessary to do so in this case.

We recommend that the question certified be answered, "Yes."

CURETON, C. J.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.