

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 25, 1972

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas

Dear Dr. Edgar:

Opinion No. M-1047

Re: Does an independent school
district have the authority
to lease school property
for 20 years to be operated
as a neighborhood center?

You have requested an opinion regarding the above stated
question. We quote from your letter as follows:

"Ella Austin Community Center, described as a
local non-profit organization within the San Antonio
Independent School District, requested the Board of
Trustees of such district (1) for use of a district
owned school facility (building and grounds) not cur-
rently needed for school purposes, (2) that the district
make application to the Department of Housing and Urban
Development (H.U.D.) for a grant ($1,779,667.51) pur-
suant to Title 42, Section 3103, U.S.C.A. to convert
and remodel the facility; and (3) that thereafter the
school district operate the property through Ella
Austin Community Center as a neighborhood multi-purpose
center.

"On June 25, 1971, the district submitted an
application as requested in (2) above. It was re-
jected by the regional office of H.U.D. because allegedly
it failed to provide for an outright minimum 20-year
lease by the school district of such desired property
to the Ella Austin Community Center. See Title 42,
Section 3103(c) U.S.C.A.

-5115-

"The proposed neighborhood multi-purpose center was planned to include adult evening education, pre-school children preparation (Operation Headstart), day-care facilities, recreation, mental health and hygiene facilities, and a dispensary.

"The Board of Trustees of the San Antonio Independent School District now requests that I submit to the Office of Attorney General for its consideration and opinion the following question:

"Does an independent school district have authority to lease for a term of 20 years a district-owned elementary school and site, not presently used or needed for school purposes, to a non-profit organization, which property pursuant to and in line with purposes of Title 42, Sections 3101-3108, U.S.C.A. would be operated as a neighborhood multi-purpose center?"

This request presents the problem of whether the twenty-year lease arrangement of the property in question will impede or interfere with the operation of the school district.

Our Texas courts have long recognized that the determination of the use of school property is vested in the school trustees and that such determination of use is subject to the discretion of the trustees. Bozeman v. Morrow, 34 S.W.2d 654 (Tex.Civ.App. 1931, no writ); Trustees of Independent School Dist. of Cleburne v. Johnson County Democratic Executive Comm., 122 Tex. 48, 52 S.W.2d 71 (1932). This discretion, however, is limited by a determination that use of school property for non-school purposes will not interfere with the operation of the school property for school purposes. Royse Independent School Dist. v. Reinhardt, 159 S.W. 1010 (Tex.Civ.App., 1913, error ref.); also, Presley v. Vernon Parish School Bd., 19 La.App. 217, 139 So. 692 (1932).

This office has previously held that the trustees of a school district may lease property in their discretion for non-school purposes, provided such leasing does not interfere with or impede the operation of the school district's purpose, that is, operating a public school. Attorney General's Opinions Nos. O-5354 (1943) and WW-1364 (1962); and 94 A.L.R.2d 1280, Sec. 6, and cited authorities.

In the case at hand, you state that the lease must be an outright lease for twenty years in order to satisfy the require-ments of H.U.D. pursuant to Section 3103 of Title 42, U.S.C.A. It should be noted that Section 3103 of Title 42 does place a minimum of 20 years use of the property for the grant purposes, and provides further that the use cannot be changed unless the Secretary of H.U.D. agrees to a change consistent with statutory guidelines.

Our opinion is that a minimum twenty-year lease by the present trustees of the property in question, without any discretion being left in the trustees of the future for possible needed use for school purposes, would exceed the recognized discretionary leasing authority of the school, as discussed in the above cited authori-ties. The lease would not be deemed a temporary, casual, or incidental use and would amount to an impermissible diversion of governmental property from its intended use for school purposes. See 94 A.L.R.2d 1278-1279, Section 5, and also Madachy v. Huntington Horse Show Assn., 192 SE 128 (W.Va.Sup. 1937), and 111 A.L.R. 1046, 1049, holding a twenty year lease illegal and under which a provision for termination gave the board of education power to repossess the property in approximately three and one-half years. The court therein said:

> "A board of education has no authority so to divest itself for such a long period of the control of public property which has been placed in its keeping. The substantial terms of nearly three and one-half years transcends the idea of mere temporary usage of property pending its being subjected to its ultimate and permanent public use."

## S U M M A R Y

An independent school district does not have the authority to give an outright twenty-year lease of school property for use as a neighborhood center, reserving to the school board no discretion to terminate such lease in the event the school should have need of the property in the future.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Austin Bray
Jim Swearingen
Charles Lind
Gordon Cass

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant