Gary B. WEBB et al., Appellants,

v.

L. B. WALKER AND ASSOCIATES et al., Appellees.

No. 1469.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1976.

Second Rehearing Denied Jan. 12, 1977.

Otis H. King, City Atty., Robert J. Collins, Senior Asst. City Atty., Houston, for appellants.

Robert L. Burns, Sears & Burns, Houston, for appellees.

## ON MOTION FOR REHEARING

CIRE, Justice.

After consideration of appellants' motion for rehearing, we withdraw our earlier opinion and substitute this opinion in lieu thereof.

This appeal is from a judgment declaring section 44–9 of the Code of Ordinances of the City of Houston, 1968, as amended by Ordinance No. 74–2204, "unconstitutional and void insofar as it prohibits an agent in fact from filing an ad valorem tax rendition on behalf of his principal . . . " and enjoining the appellant Webb from enforcing the provisions of said section insofar as it prohibits an agent in fact from filing renditions on behalf of his principal.

The plaintiffs in this case, appellees here, are sixteen tax consultants and tax consulting firms and three owners of personal property situated within the City of Houston. The appellee tax consultants were hired by a number of persons owning real

or personal property having a tax situs within the City of Houston and the Houston Independent School District, to evaluate personal property owned by them and to render such property for taxation to appellant Webb, the tax assessor and collector for the City of Houston and the Houston Independent School District. These tax consultants for many years prior to 1974 had performed such services for their clients on a fee basis. They would value the property by inspection of the property itself, or on information received from the client, or by comparison with the previous year's assessed value, or by a combination of two or more of these methods. Such rendition would be filed prior to the date required in the ordinance. Later, in consultation with the tax assessor and collector's office, the consultants would resolve any differences regarding the value of the rendered property.

Prior to December 23, 1974, section 44–9 of the Code of Ordinances of the City of Houston provided that:

It shall be the duty of every person owning, holding or controlling property within the limits of the city, which is subject to taxation under the laws of the state and the Charter, laws and ordinances of the city, to render to the assessor and collector of taxes of the city, at his office or to his authorized deputy, annually between the first day of January and the first day of March, a full and complete list or inventory of all property so owned, held or controlled by such person, either as agent or attorney, trustee, guardian, executor or administrator for the purpose of assessment and taxation, and to take and subscribe to an oath as to the correctness of such list or inventory as prescribed, and any person who shall fail to thus render in his property for taxation as provided for above when especially requested to do so in person by the assessor and collector or his deputy, before the same is placed on the tax roll, shall be deemed guilty of a misdemeanor.

It shall be the duty of the assessor and collector and his authorized deputies to receive such list or inventory described above between the days set out, but lists or inventories taken on days other than those herein specified shall be valid.

On December 23, 1974, the Houston City Council amended section 44–9 by enacting Ordinance No. 74–2204. This new ordinance, including its title, provided:

AN ORDINANCE AMENDING SECTION 44–9 OF THE CODE OF ORDINANCES OF THE CITY OF HOUSTON, TEXAS: PROVIDING FOR THE RENDITION OF PROPERTY; PROVIDING FOR A RENDITION PERIOD OF JANUARY 1ST TO APRIL 30TH: PROVIDING THAT RENDITIONS MUST BE SUBSCRIBED AND SWORN TO; PROVIDING THAT FAILURE TO RENDER ON REQUEST SHALL BE A MISDEMEANOR; PROVIDING FOR THE ASSESSMENT OF UNRENDERED PROPERTY; AND DECLARING AN EMERGENCY.

\* \* \* \* \* \*

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF HOUSTON:

Sec. 1. That Section 44–9 of the Code of Ordinances of the City of Houston, Texas, be and the same is hereby amended so that it shall hereinafter read as follows, to-wit:

It shall be the duty of every person, firm or corporation, other than municipal, owning, holding or controlling property having a tax situs within the City to render for taxation to the assessor and collector of taxes or his authorized representative, at his office, annually between the 1st day of January and the 30th day of April, a full and complete list or inventory of all property so owned, held or controlled by such person, firm or corporation, either as agent in possession and control, trustee, guardian, executor or administrator. All renditions must be subscribed and sworn to in the manner prescribed by the laws of the State of Texas and the charter and ordinances of the City of Houston.

Any person, firm or corporation who shall fail to render his property for taxation as provided for above when especially requested to do so in person by the assessor and collector or his authorized representative before the same is placed on the tax roll, shall be deemed guilty of a misdemeanor.

It shall be the duty of the assessor and collector and his authorized representatives to receive such rendition described herein between the days set out, and if any person, firm or corporation shall fail to render any property owned, held or controlled by him then it shall be the duty of the assessor and collector to assess said property for taxation in accordance with law.

Subsequent to the enactment of the amended ordinance, Webb wrote a letter to the owners of business personal property advising them as follows:

The rendition must be signed and sworn to by the owner of the property being rendered. If the property is owned by a corporation, the rendition must be signed and sworn to by the President or Secretary of the corporation. City of Houston Code of Ordinances Sec. 44–9 as amended by Ordinance No. 74–2204; Articles 7152 and 7170 Vernon's Annotated Civil Statutes. If the rendition form is prepared by someone other than the owner, the preparer's name should be listed on the line below the owner's entitled "By." However, in all cases the owner must swear to the truth of the rendition.

On or before April 30, 1975, various owners, through their agents, rendered their business personal property for taxation to Webb's office through and by the appellee tax consultants. The renditions and oaths were signed by the consultants for the property owners. Attached to the renditions were instruments designating the consultants as agents, and in some cases agents in possession and control for the purpose of rendering personal property. Webb refused to accept such renditions and threatened to assess the property as unrendered. This lawsuit resulted.

In their petition, plaintiffs alleged that Webb was rejecting renditions of property made by the agents of the property owners. Webb, they claimed, was interpreting section 44–9 to require the owner, if a natural person, to personally sign and swear to the rendition; if the owner was a corporation, the rendition had to be signed and sworn to by a "corporate officer or agent in possession and control." They further alleged the ordinance did not prohibit rendition by agents and, if the ordinance should be so construed, it was void as violative of the Charter of the City of Houston. The City and Webb filed a general denial. They specifically denied that Ordinance No. 74–2204 was invalid, that a valid agency existed between plaintiff tax consultants and their clients, and that the documents tendered to Webb by the tax consultants were valid renditions. Trial was had to a jury.

The statement of facts consists of approximately 400 pages. For the most part the facts concerned the appointment of the tax consultants as agents, the procedure used by the consultants for evaluating the property of their clients for ad valorem taxes, the procedure followed prior to 1975, the background leading to enactment of Ordinance No. 74–2204, the alleged deficiency in the caption of that ordinance, the reasons why Webb was requiring renditions to be signed by the owners or an "agent in possession and control," and the action taken by Webb after sending his letter to the owners of personal property.

At the conclusion of the evidence, two special issues were submitted to the jury. These issues read:

SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that

THE PLAINTIFF–TAX CONSULTANTS WERE ACTING AS "INDEPENDENT CONTRACTORS," OR AS "AGENTS," IN REPRESENTING THEIR CLIENTS IN THE RENDITIONS OF PERSONAL PROPERTY?

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that

THE REASON THE DEFENDANT WEBB REJECTED THE RENDITIONS OF BUSINESS PERSONAL PROPERTY OWNED BY A CORPORATION OR AN INDIVIDUAL, FILED WITH HIM BY PLAINTIFFS WAS THAT SUCH RENDITIONS . WERE NOT SIGNED AND SWORN TO EITHER BY AN OFFICER OF SUCH CORPORATION OR AN AGENT IN ACTUAL POSSESSION AND CONTROL OF SUCH BUSINESS PERSONAL PROPERTY?

The jury answered special issue number one finding the tax consultants were agents; special issue number two was found in the negative.

Appellees filed a motion for judgment non obstante veredicto, which the trial court granted, finding that the evidence raised no issues of fact and that a directed verdict for appellees would have been proper. Judgment was entered for appellees.

A review of the evidence introduced at trial makes it clear that these consultants were agents of the property owners for the purpose of rendering the property; that they were appointed by their principals for that purpose, and that their principals were responsible for the consultants' actions in the rendition process. The real and only question before this court is clearly stated by appellants in their brief, wherein they say:

> At the center of this dispute is the issue of whether or not these consultants are able to render property for taxation on behalf of their clients under the law. The consultants contend that they are agents, and as such are empowered to render on behalf of their alleged principals. The City and Mr. Webb, on the other hand, contend that under the City rendition ordinance, Sec. 44-9 of Ordinances, as amended by Ordinance No. 74-2204, the only agents who can render property are agents in possession and control.

■ In order for the trial court to have found the rendition ordinance unconstitutional, it must have construed it as prohibiting the signature and oath on the rendition by an agent for his principal. This, we feel, was an erroneous construction. This ordinance is at best ambiguous, but we construe it as placing a duty on the "owner" or on an "agent in possession and control" to render his property. It does not prohibit the "owner" or an "agent in possession and control" from using an agent to perform such duty. In construing the ordinance thus, we give weight to the rule of statutory construction that, where a statute is ambiguous, it is the duty of the courts to construe it in such manner as to uphold its validity. *Trustees of Indep. School Dist. v. Johnson County Demo. Exec. Comm.*, 122 Tex. 48, 52 S.W.2d 71, 72 (1932). If the ordinance should be interpreted as prohibiting an agent from rendering property for his principal, as these agents had been authorized to do under section 44-9, then the caption would be defective and the ordinance would be void or invalid as not in compliance with the City Charter, article VII, section 3, which provides in part:

> The Council shall act only by ordinance, resolution or motion, and all ordinances, resolutions or motions . . . shall be confined to one subject, which shall be clearly expressed in the title . . ..

■ There is nothing in the title giving notice of any change in the prior ordinance except the extension of time for the filing of renditions and the provision for the assessment of unrendered property. The amendments are, therefore, limited to those changes. The rule is well stated in *Landrum v. Centennial Rural High School Dist.*, 134 S.W.2d 353, 356 (Tex.Civ.App.-Austin 1939, writ dism'd judgmt. cor.):

> No rule is better established than the one that where a title or caption of an act specifies the particular field of the amendment, and that it is to cover or state a particular purpose to make a change in a prior statute, the amendment is limited to the making of the specific change designated in its title, and precludes any additional, contrary, or differ-

ent amendment than that stated in the title.

Also, in construing the ordinance we should look to other sections of the Code. These sections place no limitation on the kind of agent who may render property for his principal. Section 44–10 empowers the assessor and collector to correct a rendition "[i]n case the owner or agent rendering such property for assessment shall neglect to describe the same as above provided . . . ." Section 44–13 provides for assessment of property generally when property is "rendered in for assessment by the owner thereof, or by any person rendering the same. . . . ."

Appellants argue that the amended ordinance requires renditions to be sworn to as prescribed by the Code of Ordinances and that the rendition oath, section 44–15 of the Code, requires the signer to swear: "that the above inventory rendered by me contains a full, true and complete list of all taxable property owned by me in my own name . . . (or held by me for another whose name appears at the top of the inventory). . . . " Appellants contend this oath prohibits rendition by anyone other than the owner or an agent in possession and control. However, this argument is not persuasive. The language of section 44–15 is similar to that of the state rendition oath. Tex.Rev.Civ.Stat.Ann. art. 7184 (1960). In the state statutory scheme using that oath, agents have been allowed to render property. *Montgomery Indep. School Dist. v. Martin*, 464 S.W.2d 638, 641 (Tex.Sup.1971). The city ordinance should be similarly construed.

■ We hold that under the present City Code, the tax assessor and collector may not reject the property rendition because it is sworn to and filed by an agent of the owner.

■ Appellants in their brief present eight points of error. The first four points complain of the trial court's finding that the rendition ordinance was unconstitutional. None of the parties pleaded the uncon-

stitutionality of this section and the trial court had no authority to include such finding in its judgment. *Houston Chronicle Pub. Co. v. City of Houston*, 531 S.W.2d 177, 183 (Tex.Civ.App.-Houston [14th Dist.] 1975), *writ ref'd n. r. e. per curiam*, 536 S.W.2d 559 (Tex.Sup.1976).

■ Appellants' first point of error attacks the judgment declaring the ordinance unconstitutional because the Attorney General was not served with a copy of the proceeding as required by the Declaratory Judgments Act. Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 11 (1965). Since appellees neither alleged that section 44–9 was unconstitutional, nor requested judgment so declaring, they were not required to serve the Attorney General with a copy of the pleadings. This point is overruled.

■ In their third point of error, appellants also contend that the Texas Constitution requires rendition by the owner, to the exclusion of any other method, as by agent, and in point of error number five contend that it was a nondelegable duty. They base their argument under both points on that portion of the Constitution requiring that "all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair market value by the proper officer." Tex.Const. art. VIII, § 11. We cannot accept such a restrictive reading of that provision. In article VI, section 3–a, the Constitution limits suffrage in municipal bond elections to qualified electors owning taxable property "who have duly rendered the same for taxation . . . ." In construing article VI, section 3–a, the courts have interpreted rendition to mean the act of giving an account of the property or surrendering it for taxation. *Markowsky v. Newman*, 134 Tex. 440, 136 S.W.2d 808, 813 (1940). Nothing in this definition precludes rendition by an agent. Property is duly rendered under the Constitution when it is placed on the tax rolls by the assessor with the owner's implied consent, or by the owner's husband, partner, agent, or co-tenant. *Montgomery Indep. School*

**958**

*Dist. v. Martin, supra.* While we recognize that voting rights are especially protected and courts are loath to disenfranchise a person, judicial interpretation of the assessment process under article VIII, section 11, should not vary from that under article VI, section 3–a. *Collingsworth County v. Allred,* 120 Tex. 473, 40 S.W.2d 13, 15 (1931).

In point of error number six, appellants contend that the granting of judgment for appellees was erroneous because the jury's finding that the tax consultants acted as agents was contrary to the great weight and preponderance of the evidence. As previously stated, we cannot agree with this contention. There was abundant evidence supporting the fact of agency. The written instruments naming the tax consultants as agents to fully act for the principals in regard to the rendition of all property owned by the principal were before the court and jury. We overrule this point.

Point of error number seven complains of the granting of judgment n. o. v. in that there was evidence of probative value to support the finding of the jury to special issue number two. We overrule this point. The negative answer of the jury was a failure to find the affirmative, and needed no evidence to support such failure to find. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.Sup.1966).

Appellants' final point of error, number eight, assigns error in the trial court's judgment for appellee tax consultants because there was evidence that some of the renditions filed by appellee Kenneth Clarke were not signed under oath. Clarke testified that his failure to sign the renditions was an oversight and that he would sign them if given the opportunity. It appears that Clarke has substantially complied with the rendition statute, and that the deficiency in the renditions may be easily remedied. There is thus no error which would require the reversal of the judgment. This point is also overruled.

We strike, (1) that portion of the trial court's judgment declaring that the Code of Ordinances of the City of Houston, section 44–9, as amended by Ordinance No. 74–2204, is void and unconstitutional, and (2) any portion of the judgment insofar as it construes that section to require the signature and oath of the principal to the exclusion of his agent. The judgment is affirmed insofar as it enjoins the tax assessor and collector from requiring the signature and oath of the principal to the exclusion of the agent.

Reversed and rendered in part; affirmed in part.