**SCURLOCK PERMIAN CORPORATION,**
Appellant,

v.

**BRAZOS COUNTY, Texas; The Commissioners Court of Brazos County, Texas; R.J. Holmgreen, County Judge of Brazos County, Texas; Gary Norton, Walter Wilcox, Randy Sims and Milton Turner, County Commissioners of Brazos County, Texas; Ron Miller, Sheriff of Brazos County, Texas; Holland Winder, County Road Engineer of Brazos County, Texas; and Raymond Day, Johnny Burkhalter, Derik B. Matejka, Louis Garcia, Jr., Frankie J. Nemec, Jr., and Winfred Pittman, Constables of Brazos County, Texas, Appellees.**

No. 01–93–00080–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1993.

Rehearing Denied Dec. 23, 1993.

Charles W. Schwartz, James D. Thompson III, Dana C. Livingston, Vinson & Elkins L.L.P., Houston, for appellant.

A.W. Davis, Vaughan E. Waters, Davis & Davis, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Plaintiff, Scurlock Permian Corporation (Scurlock), brought suit against Brazos County and a number of Brazos County officials (collectively, "Brazos County") seeking a declaratory judgment, injunctive relief, damages, and attorney's fees. Scurlock appeals the take-nothing judgment entered against it.

### Factual background

This case involves the interpretation of certain provisions of TEX.REV.CIV.STAT.ANN. art. 6701d–11 (Vernon 1977 & Supp.1993) and the County Road and Bridge Act, TEX.REV. CIV.STAT.ANN. art. 6702–1 (Vernon Supp. 1993). Article 6701d–11 regulates the weight and size of vehicles using Texas highways, and provides for the permitting of overweight vehicles by the State Department of Highways and Public Transportation. The County Road and Bridge Act authorizes county commissioners courts to regulate and restrict traffic on county roads and allows commissioners courts to establish load limits for any road or bridge. TEX.REV.CIV.STAT. ANN. art. 6702–1, § 2.301(a)(1), (b)(2) (Vernon Supp.1993). The County Road and Bridge Act does not expressly authorize counties to require overweight vehicle to have a county permit.

In 1981, the Brazos County Commissioners Court, pursuant to the then-current version of art. 6701d–11 [1] enacted the Brazos County Traffic Regulations. These regulations established weight and size limits for vehicles travelling on Brazos County roads, and provided a permitting system for overweight vehicles.

In 1989, the legislature enacted House Bill 2060 and amended article 6701d–11. The amendment established a statewide permitting system for vehicles that exceed the statute's weight limitations. The amended statute specifically provides:

> The Commissioners Courts through the County Judges of the several counties of this State may issue permits limited to periods of ninety (90) days or less for the transportation over highways of their respective counties other than State highways and public roads within the boundaries of an incorporated municipality, overweight or oversize or overlength commodities which cannot be reasonably dismantled, or for the operation over these highways of superheavy or oversize equipment for the transportation of oversize or overweight or overlength commodities which cannot be reasonably dismantled, or for the operation over these highways of vehicles or combinations of vehicles that exceed the weights authorized under Section 5 or Section 5 1/2 of this Act. If a vehicle has a permit under Section 5B of this Act, a Commissioners Court may not issue a permit under this Subsection, charge any additional fee for, or otherwise regulate or restrict the operation of the vehicle with a gross weight or axle weight that exceeds the weights authorized by Section 5 or Section 5 1/2 of this Act, or require the owner or operator to execute or comply with a road use agreement or indemnity agreement, to make any filings or applications, or to provide a bond or letter of credit other than the bond or letter of credit provided for in Section 5B.

Article 6701d–11, § 2(b)(1). Section 5B of the statute provides for the issuance of permits ("2060 permits") for vehicles that exceed the allowable gross weight by a tolerance allowance of five percent. *Id.* at § 5B(b). The "overall gross weight may not exceed eighty thousand (80,000) pounds, including all enforcement tolerances." *Id.* at § 5(a)(1). The fee for the permit is $75 and the permit is valid for one year. *Id.* at § 5B(e). The applicant must file a letter of credit or post a bond. *Id.* at § 5B(g). The liability of an applicant for damages to roads and highways is not limited to the amount of the bond or letter of credit, however. *Id.* at § 5B(h). The statute prescribes the procedures by which a permit holder must notify the counties in which that person intends to operate the overweight vehicle. *Id.* at § 2(b)(2). It also specifies the venue for any suits brought

---

1. Act of March 31, 1971, 62nd Leg., R.S., ch. 49, § 1, 1971 Tex.Gen.Laws 87, 87–88, *amended by* Act of May 27, 1989, 71st Leg., R.S., ch. 488, § 4, 1989 Tex.Gen.Laws 1661, 1664.

by a county seeking to recover for damages caused by a permit holder. *Id.* at § 2(b)(6).

In 1991, Brazos County re-enacted its traffic regulations, this time ostensibly pursuant to the authority granted under the County Road and Bridge Act. The 1991 regulations limit the weight of vehicles travelling on county roads to 58,420 pounds, and provide for the issuance of permits for vehicles exceeding that weight. The traffic regulations authorize the issuance of 90–day, 30–day, and 72–hour permits. Applicants for such permits are required to pay a fee and post a bond.

Scurlock is a crude oil marketing and oil field service company. It buys and sells crude oil from the leases of various producers. Its trucks transport bulk crude oil throughout the state. Until mid–1991, Scurlock (and its predecessor corporations) regularly purchased Brazos County permits for overweight vehicles. In 1991, the company determined that the 2060 permits it purchased from the State were effective throughout the state. It therefore stopped purchasing Brazos County permits. Brazos County, however, continued to require county permits, and issued citations to commercial vehicles weighing more than 58,420 pounds that traveled its county roads without a county permit. Scurlock drivers received several citations.

In its suit against Brazos County, Scurlock sought injunctive relief as well as a judgment declaring, among other things, that article 6701d–11 "preempted" Brazos County's power to require a vehicle with a 2060 permit to also have a county permit and that the Brazos County traffic regulations were null and void. The trial court granted a temporary injunction on April 16, 1992. However, on September 29, the trial court dissolved the temporary injunction and ordered that Scurlock take nothing. It found that the 1989 amendments to article 6701d–11 were in irreconcilable conflict with the County Road and Bridge Act to the extent that the amended statute "purports to remove from the Commissioners Court the authority to regulate, on county roads, bridges, and culverts, those overweight vehicles which are issued a statewide permit under Article 6701d–11,

§ 5B." The court, *sua sponte,* further found that the amendments violated the Texas Constitution.

The trial court's conclusions of law included the following:

(1) Section 2.301 of the County Road and Bridge Act impliedly grants Brazos County the power to implement its permit system, regardless of any other permit issued.

(4) To be entitled to the benefits of article 6701d–11, section 2(b)(1), a carrier must comply with the notice requirements of section 2(b)(2) of that article.

(5) Section 2(b)(1) of article 6701d–11 does not purport to restrict the power or authority of the commissioners court to regulate vehicles operating at gross weights under 80,000 pounds.

(7) Article 6701d–11 does not purport to remove from Brazos County or the commissioners court the authority granted by the County Road and Bridge Act to enact and implement its permit system, regardless of whether a carrier holds a 2060 permit.

(8) If, and to the extent that article 6701d–11 does purport to remove such authority from Brazos County or the commissioners court, it is in irreconcilable conflict with the County Road and Bridge Act.

(9) If, and to the extent that article 6701d–11 does purport to remove such authority from Brazos County or the commissioners court, it violates TEX. CONST. art. III, § 56, "as a special law regulating the affairs of counties and changing the venue in civil cases, to the benefit of motor carriers carrying overweight loads and to the detriment of the citizens of the various counties of Texas."

(10) If article 6701d–11 is deemed constitutional, then "it is to be strictly construed as being in derogation of the powers and authorities granted to counties and the commissioners courts" under the County Road and Bridge Act.

(11) Scurlock was not entitled to injunctive relief because it did not demonstrate that its overweight vehicles operated on Brazos County roads at gross weights in excess of 80,000 pounds, "the minimum weight at

which Article 6701d–11, V.T.C.S., purports to exempt a carrier from compliance with a county permit system."

(12) Scurlock was not entitled to declaratory relief because it did not demonstrate that its overweight vehicles operated on Brazos County roads at gross weights in excess of 80,000 pounds, "the minimum weight at which Article 6701d–11, V.T.C.S., purports to exempt a carrier from compliance with a county permit system"; declaratory relief would therefore be purely advisory.

(13) Scurlock was not entitled to injunctive relief because it did not comply with the notice provisions contained in article 6701d–11, § 2(b)(2), (3), "an essential prerequisite to that article's exemption of motor carriers from compliance with county permit systems."

(14) Scurlock was not entitled to declaratory relief because it did not comply with the notice provisions contained in article 6701d–11, § 2(b)(2), (3), "an essential prerequisite to that article's exemption of motor carriers from compliance with county permit systems"; declaratory relief would therefore be purely advisory.

### Jurisdiction of trial court

In its first two points of error, Scurlock asserts that the trial court erred in addressing the constitutionality of article 6701d–11. Specifically, Scurlock argues that because the attorney general of Texas was not served pursuant to section 37.006(b) of the Civil Practice and Remedies Code and because neither party raised the issue of constitutionality, the trial court lacked jurisdiction to rule on the constitutionality of article 6701d–11.

#### 1. Service on the attorney general

■ In declaratory judgment actions, "if [a] statute, ordinance, or franchise is *alleged* to be unconstitutional, the attorney general of the state must also be served with a copy of the proceedings and is entitled to be heard." TEX.CIV.PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1986) (emphasis added). Neither Scurlock nor Brazos County alleged that article 6701d–11 was unconstitutional;

understandably, neither party served the attorney general with a copy of the pleadings. Scurlock argues that because the attorney general did not receive notice of this action, the trial court did not have jurisdiction to consider the constitutional issue.

■ Brazos County asserts, however, that section 37.006(b) does not apply when the unconstitutionality of a statute is not expressly raised in the pleadings. We agree. Failure to notify the attorney general of the pendency of a declaratory judgment action in which the constitutional validity of a statute, ordinance, or franchise is challenged deprives the trial court of jurisdiction to proceed. *Commerce Indep. Sch. Dist. v. Hampton*, 577 S.W.2d 740, 741 (Tex.Civ.App.—Eastland 1979, no writ); *Commissioners Court of Harris County v. Peoples Nat'l Util. Co.*, 538 S.W.2d 228, 229 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). However, when neither party challenges the constitutionality of a statute, ordinance, or franchise, neither party is required to serve the attorney general with a copy of the pleadings; the failure to serve the attorney general will not, therefore, deprive a trial court of jurisdiction. *City of Willow Park v. Bryant*, 763 S.W.2d 506, 508 (Tex.App.—Fort Worth 1988, no writ); *Webb v. L.B. Walker and Assoc.*, 544 S.W.2d 952, 957 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Here, neither party raised the issue of constitutionality; the attorney general's lack of notice of the pendency of this suit did not deprive the trial court of jurisdiction.

#### 2. Failure to plead affirmative defense

■ Scurlock correctly notes that the unconstitutionality of a statute is an affirmative defense that must be pled. *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177, 183 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.); *see also* TEX.R.CIV.P. 94. Scurlock asserts that because Brazos County never pled unconstitutionality as an affirmative defense, the issue was not properly before the trial court. In the absence of an appropriate pleading raising the issue of unconstitutionality, a trial court is without the authority to include such findings in its judgment. *Webb*, 544 S.W.2d

at 957; *Houston Chronicle Publishing Co.,* 531 S.W.2d at 183.

■ Brazos County argues that Scurlock raises this issue for the first time on appeal, and has therefore waived appellate review. Scurlock asserts that this issue was raised in its motion for new trial. Scurlock's motion does indeed state that neither party raised the issue of unconstitutionality. However, Scurlock addressed the issue of unconstitutionality in connection with its assertion that the trial court's actions violated section 37.-006 of the Civil Practice and Remedies Code and deprived Scurlock of the participation of the attorney general; Scurlock never specifically mentioned the failure of Brazos County to plead unconstitutionality as an affirmative defense. An objection at trial that is not the same as the objection urged on appeal presents nothing for appellate review. *Exxon Corp. v. Allsup,* 808 S.W.2d 648, 655 (Tex. App.—Corpus Christi 1991, writ denied); *see also Pfeffer v. Southern Texas Laborers' Pension Trust Fund,* 679 S.W.2d 691, 693 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (an appellant may not, on appeal, enlarge a ground of error to include an objection not asserted at trial). We need not determine whether Scurlock has preserved this complaint for review, however. Our discussion and ruling under points of error three and four dispose of any complaint under points one and two.

### Unconstitutionality

In points of error three and four, Scurlock asserts the trial court erred in finding provisions of article 6701d–11 unconstitutional. The trial court held that article 6701d–11 and its venue provisions [2] violate TEX. CONST. art. III, § 56 as a special law regulating the affairs of counties and changing the venue in civil cases, to the benefit of motor carriers carrying overweight loads and to the detriment of the citizens of the various counties of Texas.

Section 56 provides, in part:

The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law ...:

. . . .

Regulating the affairs of counties, cities, towns, wards or school districts;

. . . .

Changing the venue in civil and criminal cases;

And in all other cases where a general law can be made applicable, no local or special law shall be enacted....

■ When evaluating the constitutionality of a statute, the statute is presumed to be constitutional and should not be struck down by an intermediate appellate court except on clear and certain grounds. *Cronen v. City of Pasedena,* 835 S.W.2d 206, 210 (Tex.App.— Houston [1st Dist.] 1992, no writ); *Pedraza v. Tibbs,* 826 S.W.2d 695, 697 (Tex.App.— Houston [1st Dist.] 1992, writ dism'd w.o.j.). The party who asserts the statute is unconstitutional therefore has the burden of persuasion. *Cronen,* 835 S.W.2d at 210; *Holloway v. Butler,* 828 S.W.2d 810, 811 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

■ As noted, the trial court, sua sponte, determined that article 6701d–11 is a "special law" and therefore violates the Texas Constitution. The constitutional prohibition of article III, section 56 was intended to prevent the legislature from enacting laws granting special privileges to particular persons, groups, or locales in the state; to encourage uniform law in the state; and to discourage horsetrading or "logrolling" legislation be-

**2.** Article 6701d–11, section 2(b)(6), addresses the venue of a suit brought by a county, and provides in part:

> Venue for a suit brought by a county to recover on the bond or letter of credit is in district court in the county in which the defendant resides, except that if the defendant is a corporation or partnership, venue is in the county in which the defendant has its principle place of business in this state. If a corporation or partnership does not have a principle place of

> business in this state, venue is in the district court in the county in which the damage occurred.

Section 5B(h) governs the venue of suits brought by the State Department of Highways and Public Transportation. It is similar to section 2(b)(6), except that it provides that if a corporation or partnership does not have a principle place of business in Texas, venue is in the district court in Travis County.

tween members of the legislature. *Miller v. El Paso County,* 136 Tex. 370, 150 S.W.2d 1000, 1001 (1941); *Public Util. Comm'n v. Southwest Water Serv., Inc.,* 636 S.W.2d 262, 264 (Tex.App.—Austin 1982, writ ref'd n.r.e.). A statute is not local or special if persons or things throughout the state are affected by it, or if it operates upon a subject in which the people at large are interested. *Lower Colorado River Auth. v. McCraw,* 125 Tex. 268, 83 S.W.2d 629, 636 (1935).

■ The legislature has broad power to make classifications for legislative purposes and to enact laws for the regulation thereof. *Grimes County Taxpayers Ass'n v. Texas Municipal Power Agency,* 565 S.W.2d 258, 266 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ dism'd). Such legislation must apply uniformly to all who may come within the classification, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing the class from others with respect to the public purpose sought to be accomplished by the legislation. *Id.* If there could exist a state of facts justifying the classification or restriction complained of, we will assume that it existed. *Inman v. Railroad Comm'n,* 478 S.W.2d 124, 127 (Tex. Civ.App.—Austin 1972, writ ref'd n.r.e.).

■ A statute that relates to persons or things as a class is a general law, while a statute that relates to particular persons or things as a class is special. *Southwest Water Serv., Inc.,* 636 S.W.2d at 265. The class created by the statute must be a real class, and not a "pretended" class created by the legislature to evade the constitutional restriction. "A 'pretended' class would be one which 'manifest[s] a purpose to evade the constitution.'" *Id.* (quoting *Clark v. Finley,* 93 Tex. 171, 54 S.W. 343, 346 (1899)). The primary and ultimate test of whether a law is general or special is whether there is a reasonable basis for the classification it makes and whether the law operates equally on all within its class. *Robinson v. Hill,* 507 S.W.2d 521, 525 (Tex.1974); *Grimes County Taxpayers Ass'n,* 565 S.W.2d at 266.

■ Scurlock presented evidence that the purpose of the amendments to article 6701d–

11 was to establish statewide uniformity in the permitting of overweight vehicles. One of the purposes of article III, section 56, is to promote uniform law in the state. We find that there is a reasonable basis for the classification created by the amendments and that the statute operates equally on all within the classification. We further find the 6701d–11 is not a special law and does not violate TEX. CONST. art. III, § 56. We sustain points of error three and four.

### Brazos County's authority under the County Road and Bridge Act

■ The trial court held that article 6701d–11 does not purport to remove from Brazos County the authority granted by the County Road and Bridge Act to enact and implement its permit system, regardless of whether a carrier has a 2060 permit. In its fifth point of error, Scurlock asserts that this conclusion contradicts the express language of article 6701d–11.

The County Road and Bridge Act provides: "The commissioners court of any county may regulate and restrict traffic on county roads and on other county-owned land under its jurisdiction." TEX.REV.CIV.STAT. ANN. art. 6702–1, § 2.301(a)(1) (Vernon Supp. 1993). The Act also provides that a commissioners court may establish load limits for any road or bridge. The County Road and Bridge Act contains no specific grant of authority to issue permits for overweight vehicles.

Article 6701d–11 2(b)(1) specifically sets forth a county's power to issue permits for certain overweight or oversized commodities, equipment, and vehicles. The extent of a county's authority is detailed within the provisions of the statute.

Section 2(b)(1) circumscribes a commissioners court's power to issue and require permits for overweight vehicles. The County Road and Bridge Act contains only a general grant of authority to regulate and restrict traffic on county roads. Article 6701d–11 contains a specific and limited grant of authority to issue permits for described items including overweight vehicles. Point of error five is sustained.

## Irreconcilable conflict

In its sixth point of error, Scurlock asserts that the trial court erred in holding that article 6701d–11 and the County Road and Bridge Act are in irreconcilable conflict. In its seventh point of error, Scurlock asserts that the trial court erred in holding that article 6701d–11 should be construed as being in derogation of the powers and authorities granted to counties and commissioners courts under the County Road and Bridge Act.

A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990). We may presume that the legislature enacted the amendments to article 6701d–11 with knowledge of and reference to the County Road and Bridge Act.

When two statutes concern the same subject matter, they are to be construed in such a way as to give meaning to both. *J. & J. Beverage Co. v. Texas Alcoholic Beverage Comm'n*, 810 S.W.2d 859, 860 (Tex.App.—Dallas 1991, no writ). A special or specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted. *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879, 881 (1947); *Olson v. Central Power & Light Co.*, 803 S.W.2d 808, 811 n. 3 (Tex.App.—Corpus Christi 1991, writ denied).

The County Road and Bridge Act deals generally with a county's authority to regulate traffic on county roads. Article 6701d–11 specifically authorizes the state to issue permits for overweight vehicles, and grants counties *limited* power to issue permits for overweight vehicles. We find that the two statutes are not irreconcilable; that the specific provisions of article 6701d–11 are an exception or qualification to the general provisions of the County Road and Bridge Act; and that article 6701d–11 prevails over the County Road and Bridge Act. Points of error six and seven are sustained.

## Declaratory relief

In points of error eight, 10, 11, 12, and 13, Scurlock asserts that the trial court erred in denying declaratory relief. The trial court concluded that a declaratory judgment would not be appropriate because: (1) Scurlock "failed to demonstrate that its overweight vehicles operate on Brazos County roads at gross weights in excess of 80,000 lbs., the minimum weight at which Article 6701d–11, V.T.C.S., purports to exempt a carrier from compliance with a county permit system"; and (2) Scurlock "failed to comply with the notice provisions of Article 6701d–11, § (2)(b)(2) and (3), V.T.C.S., an essential prerequisite to that article's exemption of motor carriers from compliance with county permit systems."

The Civil Practice and Remedies Code provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX.CIV.PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1986). A trial court may refuse to render or enter a declaratory judgment if the judgment will not terminate the uncertainty or controversy giving rise to the proceeding. TEX.CIV.PRAC. & REM.CODE ANN. § 37.008 (Vernon 1986). In suits for declaratory relief, a trial court has limited discretion to refuse a declaratory judgment, and may do so only where judgment would not remove the uncertainty giving rise to the proceedings. *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 704 (Tex.App.—Houston [1st Dist.] 1987, writ denied).

A declaratory judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Board of Water Eng'rs v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722, 724 (1955); *Public Util. Comm'n v. City of Austin*, 728

S.W.2d 907, 911 (Tex.App.—Austin 1987, writ ref'd n.r.e.). To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Bexar–Medina–Atascosa Counties Water Control and Improvement Dist. No. 1 v. Medina Lake Protection Ass'n,* 640 S.W.2d 778, 779–80 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Courts may not give advisory opinions or decide cases upon speculative, hypothetical, or contingent situations. *Coalson v. City Council of Victoria,* 610 S.W.2d 744, 747 (Tex.1980).

**1. Vehicle weight**

The trial court concluded that article 6701d–11 "does not purport to restrict the power or authority of the commissioners courts to regulate vehicles operating at gross weights under 80,000 lbs." We disagree.

We have already held that the County Road and Bridge Act contains only a general grant of authority to counties to regulate and restrict traffic on county roads and that article 6701d–11 contains a specific and limited grant of authority to counties to issue permits for overweight vehicles. We therefore look to the language in article 6701d–11 to determine the extent of—and limitations on—a county's authority to issue such permits.

Section 2(b)(1) authorizes commissioners courts to issue permits in three circumstances. A county may issue permits for:

(1) overweight, oversize or overlength *commodities* which cannot be reasonably dismantled;

(2) superheavy or oversize *equipment* for the transportation of oversize, overweight or overlength commodities that cannot be reasonably dismantled; and

(3) *"vehicles* or combinations of vehicles that exceed the weights authorized under Section 5 or Section 5 1/2 of this Act." [3]

(Emphasis added.) In this last category, the legislature has given counties the authority to issue permits for the same vehicles for which the state may issue 2060 permits. Section 2(b)(1) goes on to limit a county's authority to issue those permits:

If a vehicle has a permit issued under Section 5B of this Act [a 2060 permit], a commissioners court may not issue a permit under this subsection, charge any additional fee for, or otherwise regulate or restrict the operation of the vehicle with a gross weight or axle weight that exceeds the weights authorized by Section 5 or Section 5 1/2 of this Act, or require the owner or operator to execute or comply with a road use agreement or indemnity agreement, to make any filings or applications, or to provide a bond or letter of credit other than the bond or letter of credit provided for in Section 5B.

We think it is clear that a county has unfettered authority to require permits of overweight, oversize, or overlength commodities that cannot reasonably be dismantled, and for the equipment used to transport those commodities. It is equally clear that both the state and county commissioners courts have the authority to issue permits to vehicles that weigh more than the weights authorized by section 5B; however, if the State has issued a 2060 permit to such a vehicle, a county may not require that vehicle to have a county permit. Put another way, a vehicle with a valid 2060 permit does not have to get a Brazos County overweight permit.

**3.** "Commodities" is not defined by art. 6701d–11. In common usage, however, "commodity" means "an economic good." *See* Webster's Ninth New Collegiate Dictionary 265 (9th ed. 1991). Unless a word is a word of art, the word will be given its ordinary meaning. Tex.Gov't Code Ann. § 312.002 (Vernon 1988). "Vehicle" is defined by the statute as:

Every mechanical device, in, upon or by which any person or property is or may be transported or drawn upon a public highway, including

motor vehicles, commercial motor vehicles, truck-tractors, trailers, and semi-trailers ... but excepting devices moved by human power of used exclusively upon stationary rails or tracks.

Article 6701d–11, § 1(1). It is clear from these definitions that "commodities," "equipment for the transportation of commodities," and "vehicles" comprise separate categories for which a county may issue permits.

## 2. Notice requirements

The trial court also concluded that for a carrier to be entitled to the benefits of section 2(b)(1), it must comply with the notice requirements contained in section 2(b)(2) and (3) of article 6701d–11. The trial court further held that declaratory relief would be advisory because of Scurlock's failure to comply with the notice requirements.

Subsections (2) and (3) provide:

(2) Not later than the 14th day after the date a person receives a permit under Section 5B of the Act, the person shall notify by certified or registered mail, return receipt requested, the county clerk of each county in which the person intends to operate or cause to operate the vehicle. The notification must include:

(A) the name and address of the registered owner or operator of the vehicle;

(B) the vehicle identification number and licence plate number of the vehicle;

(C) a statement that the person intends to operate or cause to operate the vehicle on, over, or across the county roads, bridges, and culverts with a gross weight, axle weight, or wheel load that exceeds the limitations established under Section 5 or Section 5 1/2 of this Act: and

(D) a statement that the notification is given pursuant to this subsection.

(3) A copy of the permit issued and bond or letter of credit required under Section 5B of this Act shall accompany the notification required under Subsection (2) of this subsection.

Subsection (5) provides that a carrier who has filed the required notification "is liable to the county only for the actual damages to the county roads, bridges or culverts with load limitations established under Section 5 or Section 5B of this Act caused by the operation of the vehicle in excess of those limitations."

Although Scurlock trucks held 2060 permits, Scurlock stopped sending Brazos County notice of the permits in 1990. The last permit of which Scurlock notified the county expired in September 1991. Scurlock stopped sending the required notice to Brazos County because the commissioners court, at its November 1990 meeting concerning its traffic regulations, made it clear that 2060 permits were not valid on its county roads and that it would continue to require county permits for overweight vehicles.

Scurlock asserts that its lack of compliance with the notice provisions is irrelevant to the declaratory relief requested because: (1) lack of notice does not invalidate a 2060 permit, and (2) the county's stated position—that 2060 permits were not valid on county roads—made compliance with the notice requirements pointless. Brazos County asserts that, absent strict compliance with the notice requirements, a carrier is subject to the unrestricted enforcement of a county's permit system. We find that Scurlock's lack of compliance with the notice provisions is irrelevant to the declaratory relief requested because Brazos County refused to recognize the validity of 2060 permits on its county roads and because nothing in the statute conditions its limits on a county's permitting authority on a carrier's compliance with the notice requirements.

Section 2(b)(1) provides, "If a vehicle *has* a permit issued under Section 5B of this Act, a commissioners court may not issue a permit...." (Emphasis added.) A permit must be carried in the vehicle. Article 6701d–11, § 5B(d). The owner or operator of a vehicle that has a 2060 permit and has fulfilled the notification requirements is liable to a county only for the actual damages caused to county roads, bridges, or culverts by the operation of a vehicle that weighs more than the limits imposed by article 6701d–11. Thus, while the statute does tie the notice requirements to a limitation on damages, it does not authorize a county to require a permit of a vehicle that holds a 2060 permit if the carrier has not complied with the statute's notice requirements.

A justiciable controversy exists between the parties which may be determined by judicial declaration. The trial court erred in holding that declaratory relief would be advisory. Points of error eight, 10, 11, 12, and 13 are sustained.

A court of appeals has a duty to render such judgment as the trial court

should have rendered in a declaratory judgment action. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 715 (1945); *Mitchell v. Rancho Viejo, Inc.,* 736 S.W.2d 757, 762 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.). We therefore hold that section 2(b)(1) of article 6701d–11 limits the power of a commissioners court to issue permits for overweight vehicles, and that a commissioners court may not issue a permit, charge any additional fee for, or otherwise regulate or restrict the operation of a vehicle with a permit issued under section 5B of the statute.

### Injunctive relief

Scurlock sought to enjoin Brazos County from issuing citations for violations of the county weight regulations to Scurlock vehicles with 2060 permits. The trial court denied injunctive relief on the same bases that it denied declaratory relief: because (1) Scurlock "failed to demonstrate that its overweight vehicles operate on Brazos County roads at gross weights in excess of 80,000 lbs, the minimum weight at which Article 6701d–11, V.T.C.S., purports to exempt a carrier from compliance with a county permit system"; and (2) Scurlock "failed to comply with the notice provisions of Article 6701d–11, §§ 2(b)(2) and (3), V.T.C.S., an essential prerequisite to that article's exemption of motor carriers from compliance with county permit systems." We have already determined that the trial court erred in concluding that 80,000 pounds is the minimum weight at which article 6701d–11 exempts a carrier from compliance with county permit systems, and that the statute does not authorize a county to require a permit of a vehicle that holds a 2060 permit if the carrier has not complied with the statute's notice requirements. We must therefore determine if injunctive relief is appropriate in this case.

█ A court of equity may not enjoin the enforcement of a penal ordinance unless: (1) the ordinance is unconstitutional or otherwise void, and (2) the enforcement of the ordinance causes irreparable injury to vested property rights. *Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d 61, 63 (Tex.1969); *City of Houston v. MEF Enterprises, Inc.,*

730 S.W.2d 62, 63 (Tex.App.—Houston [14th Dist.] 1987, no writ). Scurlock did not contend that the County Road and Bridge Act (under which Brazos County purported to have the authority to issue permits) was unconstitutional, and has not argued that a vested property right is being irreparably injured. Point of error nine is overruled.

### Damages

Scurlock sought compensation for permit fees paid to Brazos County after September 1, 1989, the effective date of the amendments to article 6701d–11, for Brazos County permits, and for attorney's fees incurred in defending Scurlock drivers who had been cited for driving an overweight truck without a county permit. On appeal, however, Scurlock has abandoned its claim for attorney's fees incurred in defending its drivers.

Because we find that Brazos County was without authority to require county permits for those vehicles holding 2060 permits, we find that Scurlock is entitled to recover the fees paid to Brazos County for such county permits issued after September 1989. Point of error 14 is sustained. The record is devoid of evidence of these amounts, however. We therefore reverse and remand for a determination of these amounts.

█ Brazos County asserts that this Court may not reverse and render judgment for Scurlock in whole or in part because Scurlock first complained of the trial court's finding that article 6701d–11 was unconstitutional in its motion for new trial. Brazos County asserts that Scurlock should have filed a motion for judgment, requesting a reconsideration of the court's findings, before filing its motion for new trial. Brazos County relies upon *Horrocks v. Texas Dep't of Transp.,* 852 S.W.2d 498, 498–99 (Tex.1993), in which the supreme court found that a court of appeals could not render judgment based on a no evidence point preserved solely in a motion for new trial. Here, however, because the trial court raised the issue of constitutionality sua sponte, Scurlock had no opportunity before rendition of the judgment in which to complain of this issue. We do not read *Horrocks* to require Scurlock to have raised the issue of constitutionality in a mo-

tion for judgment before filing its motion for new trial.

We reverse that part of the trial court's judgment entering a take-nothing judgment against Scurlock; we render judgment that Brazos County may not require an overweight vehicle to have a Brazos County permit if that vehicle has a valid permit issued by the state pursuant to article 6701d–11; we remand to the trial court for a determination of damages; and we affirm the trial court's denial of injunctive relief.