NO. 07-02-0317-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 21, 2003

_____

IN THE MATTER OF THE MARRIAGE OF
CRYSTAL DAWN BLACK AND ERIC ZANE BLACK
AND IN THE INTEREST OF ALYSSA PAIGE BLACK, A CHILD

_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 34,458; HONORABLE H. BRYAN POFF, JR., JUDGE

_____

Before JOHNSON, C.J. and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Appellant Crystal Dawn Black, mother of Alyssa Paige Black, a minor child, challenges that portion of a final decree of divorce upon a non-jury trial which, among other things, awarded Phil Black and Rose Black, the paternal grandparents, rights of limited access to Alyssa. By two issues, Crystal contends based upon Troxel v. Granville, 530

_____

[1]Tex. R. App. P. 47.1.

U.S. 57, 120 S.Ct. 2054, 147 L.Ed. 2d 49 (2000) that (1) section 153.433 of the Texas Family Code is unconstitutional, and (2) the trial court abused its discretion in granting access to the paternal grandparents. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the findings of fact of the trial court; thus, only a brief review of the underlying proceedings is necessary. Alyssa Paige Black was born of the marriage of Crystal and Eric Zane Black on April 8, 1998. Crystal filed her original petition for divorce on January 11, 2001, and after filing her first amended petition on January 21, 2002, the child's paternal grandparents filed their petition in intervention in suit affecting the parent-child relationship seeking access or reasonable possession of Alyssa. In response to the grandparents' intervention, Crystal answered by general denial and claimed that the grandparents were not entitled to any visitation and, in the alternative, that any visitation be supervised and restricted. Following a non-jury trial, the trial court signed its final decree of divorce and, as material here, appointed Crystal sole managing conservator of Alyssa, severely restricted the father's visitation rights, and awarded the grandparents access to Alyssa.

Crystal filed specific proposed findings of fact and conclusions of law requesting, among other things, that the trial court find that (13) the grandparents have limited access and (14) that it is in the best interest of the child that the grandparents have access. Also, Crystal requested that the trial court conclude as a matter of law that the grandparents

2

"should have grandparent's access to the child according to the Texas Family Code, Section 153.433." The trial court made findings of fact and conclusions of law which included findings that both parents were fit persons to be appointed conservators of Alyssa and that the grandparents were fit persons to have possession of and visitation with Alyssa. Also, by conclusion of law number 11, the trial court concluded that it was in the child's best interest that the grandparents be granted visitation and access as provided in the decree.

Relying on Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), by her first issue, Crystal contends section 153.433 of the Family Code is unconstitutional, and by her second issue asserts the trial court abused its discretion in granting grandparent access to Alyssa. Because both issues are based on *Troxel,* we will consider them together.

Texas statutes are presumed to be constitutional, Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968), and the burden of demonstrating constitutional invalidity rests upon the party assailing the statute. Robinson v. Hill, 507 S.W.2d 521, 524 (Tex. 1974); Smith v. Craddick, 471 S.W.2d 375, 378 (Tex. 1971). Although Crystal contends here that section 153.433 is unconstitutional, because a claim that a statute is unconstitutional is an affirmative defense and must be raised by pleading in the trial court, Tex. R. Civ. P. 94; Scurlock Permian Corp. v. Brazos County, 869 S.W.2d 478, 483 (Tex.App.--Houston [1st Dist.] 1993, writ denied), her contention was not before the trial court. In addition, a claim

of invalidity of a statute cannot be asserted for the first time on appeal. In City of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986), the Court held that the court of appeals should not have addressed a constitutional challenge because, as here, the constitutional question was raised for the first time on appeal. Later, in Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993), the Court declined to address a constitutional issue because it was raised for the first time on appeal.

Moreover, Crystal did not contend that the grandparents should not be awarded any access in the trial court but instead, the contested issue was the terms of the grandparent access. However, by this appeal she requests that the order of the trial court granting specific access and visitation to the grandparents be reversed and that section 153.433 be held unconstitutional.[2] Considering her position in the trial court and the fact that she does not attack the finding of the trial court that the grandparents "are fit persons to have possession of the child and visitation with the child," even if *Troxel* presents "guidelines," a question we do not decide, the suggested guidelines are not controlling here because:

- section 26.10.160(3) of the Revised Code of Washington permitted "any person" to petition for visitation "at any time;" however, the Texas provision is limited to actions by a grandparent.

---

[2]Crystal does not contend that this proceeding be reversed and remanded for further proceedings.

4

- in *Troxel*, 120 S.Ct. at 2061, the Court described the Washington statute as being "breathtakingly broad," and

- declined to define the "precise scope of the parental due process right in the visitation context," 120 S.Ct. at 2064, but concluded:

> Because much state-court adjudication in this context occurs on a case-by-case basis, we would be hesitant to hold that specific nonparental visitation statutes violate the Due Process Clause as a *per se* matter; and

- as the court observed in Lilley v. Lilley, 43 S.W.3d 703 (Tex.App.--Austin 2001, no pet.), unlike the parents therein, the  parents of the child in *Troxel* were never married, and section 153.433 of the Texas Family Code is not as "breathtakingly broad" as the Washington statute considered in *Troxel*.

Moreover, although Crystal's brief suggests that *Troxel* sets out guidelines, the Court declined to define the "precise scope of the parental due process right in the visitation context," and the decision was only a "plurality" decision.  Issues one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice