NO. 07-02-0317-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 21, 2003



______________________________




IN THE MATTER OF THE MARRIAGE OF


CRYSTAL DAWN BLACK AND ERIC ZANE BLACK


AND IN THE INTEREST OF ALYSSA PAIGE BLACK, A CHILD



_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 34,458; HONORABLE H. BRYAN POFF, JR., JUDGE



_______________________________




Before JOHNSON, C.J. and QUINN and REAVIS, JJ.



MEMORANDUM OPINION (1)




 Appellant Crystal Dawn Black, mother of Alyssa Paige Black, a minor child,
challenges that portion of a final decree of divorce upon a non-jury trial which, among other
things, awarded Phil Black and Rose Black, the paternal grandparents, rights of limited
access to Alyssa. By two issues, Crystal contends based upon Troxel v. Granville, 530
U.S. 57, 120 S.Ct. 2054, 147 L.Ed. 2d 49 (2000) that (1) section 153.433 of the Texas
Family Code is unconstitutional, and (2) the trial court abused its discretion in granting
access to the paternal grandparents. Based upon the rationale expressed herein, we
affirm.

 Appellant does not challenge the findings of fact of the trial court; thus, only a brief
review of the underlying proceedings is necessary. Alyssa Paige Black was born of the
marriage of Crystal and Eric Zane Black on April 8, 1998. Crystal filed her original petition
for divorce on January 11, 2001, and after filing her first amended petition on January 21,
2002, the child's paternal grandparents filed their petition in intervention in suit affecting
the parent-child relationship seeking access or reasonable possession of Alyssa. In
response to the grandparents' intervention, Crystal answered by general denial and
claimed that the grandparents were not entitled to any visitation and, in the alternative, that
any visitation be supervised and restricted. Following a non-jury trial, the trial court signed
its final decree of divorce and, as material here, appointed Crystal sole managing
conservator of Alyssa, severely restricted the father's visitation rights, and awarded the
grandparents access to Alyssa.

 Crystal filed specific proposed findings of fact and conclusions of law requesting,
among other things, that the trial court find that (13) the grandparents have limited access
and (14) that it is in the best interest of the child that the grandparents have access. Also,
Crystal requested that the trial court conclude as a matter of law that the grandparents
"should have grandparent's access to the child according to the Texas Family Code,
Section 153.433." The trial court made findings of fact and conclusions of law which
included findings that both parents were fit persons to be appointed conservators of Alyssa
and that the grandparents were fit persons to have possession of and visitation with
Alyssa. Also, by conclusion of law number 11, the trial court concluded that it was in the
child's best interest that the grandparents be granted visitation and access as provided in
the decree. 

 Relying on Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000),
by her first issue, Crystal contends section 153.433 of the Family Code is unconstitutional,
and by her second issue asserts the trial court abused its discretion in granting
grandparent access to Alyssa. Because both issues are based on Troxel, we will consider
them together.

 Texas statutes are presumed to be constitutional, Smith v. Davis, 426 S.W.2d 827,
831 (Tex. 1968), and the burden of demonstrating constitutional invalidity rests upon the
party assailing the statute. Robinson v. Hill, 507 S.W.2d 521, 524 (Tex. 1974); Smith v.
Craddick, 471 S.W.2d 375, 378 (Tex. 1971). Although Crystal contends here that section
153.433 is unconstitutional, because a claim that a statute is unconstitutional is an
affirmative defense and must be raised by pleading in the trial court, Tex. R. Civ. P. 94;
Scurlock Permian Corp. v. Brazos County, 869 S.W.2d 478, 483 (Tex.App.--Houston [1st
Dist.] 1993, writ denied), her contention was not before the trial court. In addition, a claim
of invalidity of a statute cannot be asserted for the first time on appeal. In City of San
Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986), the Court held that the court of
appeals should not have addressed a constitutional challenge because, as here, the
constitutional question was raised for the first time on appeal. Later, in Dreyer v. Greene,
871 S.W.2d 697, 698 (Tex. 1993), the Court declined to address a constitutional issue
because it was raised for the first time on appeal.

 Moreover, Crystal did not contend that the grandparents should not be awarded
any access in the trial court but instead, the contested issue was the terms of the
grandparent access. However, by this appeal she requests that the order of the trial court
granting specific access and visitation to the grandparents be reversed and that section
153.433 be held unconstitutional. (2) Considering her position in the trial court and the fact
that she does not attack the finding of the trial court that the grandparents "are fit persons
to have possession of the child and visitation with the child," even if Troxel presents
"guidelines," a question we do not decide, the suggested guidelines are not controlling here
because:


 section 26.10.160(3) of the Revised Code of Washington permitted
"any person" to petition for visitation "at any time;" however, the Texas
provision is limited to actions by a grandparent. 


 


 in Troxel, 120 S.Ct. at 2061, the Court described the Washington
statute as being "breathtakingly broad," and

 declined to define the "precise scope of the parental due process right
in the visitation context," 120 S.Ct. at 2064, but concluded: 



 Because much state-court adjudication in this
context occurs on a case-by-case basis, we
would be hesitant to hold that specific
nonparental visitation statutes violate the Due
Process Clause as a per se matter; and



 as the court observed in Lilley v. Lilley, 43 S.W.3d 703 (Tex.App.--Austin 2001, no pet.), unlike the parents therein, the parents of the
child in Troxel were never married, and section 153.433 of the Texas
Family Code is not as "breathtakingly broad" as the Washington
statute considered in Troxel. 



Moreover, although Crystal's brief suggests that Troxel sets out guidelines, the Court
declined to define the "precise scope of the parental due process right in the visitation
context," and the decision was only a "plurality" decision. Issues one and two are
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice
1. Tex. R. App. P. 47.1.
2. Crystal does not contend that this proceeding be reversed and remanded for further
proceedings.