

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 30, 2007

The Honorable James L. Keffer
Chair, Committee on Ways and Means
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0509

Re: Whether a county may require an overweight vehicle to obtain an operating permit in addition to the permit required by the Department of Transportation (RQ-0517-GA)

Dear Representative Keffer:

You inquire whether a county has the authority to require an overweight vehicle to obtain a local operating permit in addition to the "permits for overweight trucks issued by the Texas Department of Transportation."[1] You inform us that some counties in East Texas[2] have implemented programs requiring overweight vehicles to have such a local permit before operating in the respective county and that the "duplicative regulations [have] become exceedingly burdensome to the livelihood of many in the forest products industry" and others. Request Letter, *supra* note 1, at 1.

The Texas Transportation Code governs oversize and overweight vehicles operating in Texas. Maximum load weights and maximum vehicle widths are established by statute. *See* TEX. TRANSP. CODE ANN. §§ 621.101 (Vernon Supp. 2006) (load weight), 621.201 (Vernon 1999) (vehicle width). *But see id.* § 621.503(c) (Vernon Supp. 2006) (weight limitations in section 621.101 do not apply to the "loading of an agriculture or forestry commodity before the commodity is changed in processing from its natural state"). The Texas Transportation Commission (the "Commission") is authorized to set maximum gross weights and vehicle widths. *See id.* §§ 621.102 (Vernon Supp. 2006) (maximum weight), 621.202 (Vernon 1999) (maximum width). In addition, county commissioners courts are authorized to establish load limits on county roads and bridges. *See id.* § 621.301 (Vernon Supp. 2006). Despite the statutory size and weight limits, and grants of authority to the Commission and county commissioners courts to set weight limits for public roads, the Transportation Code authorizes vehicles exceeding these limits to operate in Texas. *See id.* §§ 623.011–.019 (Vernon 1999 & Supp. 2006).

---

[1]Letter from Honorable James L. Keffer, Chair, Committee on Ways and Means, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Aug. 2, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]To the extent you inquire about Chambers County, the Transportation Code expressly authorizes the Texas Transportation Commission to authorize Chambers County "to issue permits for the movement of oversize or overweight vehicles carrying cargo on state highways located in Chambers County." TEX. TRANSP. CODE ANN. § 623.252(a) (Vernon Supp. 2006). The authority has been granted. *See* 43 TEX. ADMIN. CODE §§ 28.100–.102 (2006) (Tex. Dep't of Transp., Chambers County Permits).

Section 623.011 establishes a uniform statewide permit system that allows overweight vehicles to operate throughout the state under one statewide permit. *See id.* § 623.011(a) (Vernon Supp. 2006). These statewide permits are issued by the Texas Department of Transportation (the "Department") to vehicle operators that have complied with statutory requirements for registration, security, and fees. *See id.* § 623.011(b). Vehicles operating under 623.011 permits are statutorily authorized to exceed maximum allowable gross weights by a specified tolerance. *See id.* § 623.011(g). Under the permitting scheme, the applicant must designate "each county in which the vehicle will be operated" and pay an additional fee based on the number of counties designated. *See id.* § 623.0111(a) (Vernon 1999). "A permit issued under Section 623.011 does not authorize the operation of the vehicle in a county that is not designated in the application." *Id.* § 623.0111(b) (Vernon 1999). Once the Department issues a permit under section 623.011, it must notify the county clerk of each county designated in the application. *See id.* § 623.013(a). And the funds received with the application for a permit under section 623.011 are shared with each county designated in the application. *See id.* § 621.353.

In addition to having authority over county roads, counties are expressly authorized by the Transportation Code to issue permits for the operation of overweight vehicles over highways of a county. *See id.* §§ 251.003(a)(1) (commissioners court may "make and enforce all necessary rules and orders for the . . . maintenance of public roads"), 251.016 (Vernon Supp. 2006) (commissioners court "may exercise general control over all roads, highways, and bridges in the county"), 251.151 (Vernon 1999) (commissioners court "may regulate traffic on a county road"), 251.153(a) (Vernon Supp. 2006) (commissioners court "may establish load limits for any county road or bridge"), 623.018(a) (Vernon 1999) (county permit). The statute, however, expressly limits that authority when a permit has been issued by the Department under section 623.011: "If a vehicle has a permit issued under Section 623.011, a commissioners court may not: issue a permit under [section 623.018] or charge an additional fee for or otherwise regulate or restrict the operation of the vehicle because of weight . . . ." *Id.* § 623.018(d)(1). We believe this statutory limitation on a county's authority to issue a permit for an overweight vehicle provides a clear answer to your query. Under section 623.018(d)(1), a county does not have authority to require a local permit in addition to a permit issued by the Department under section 623.011.

This is not the first time this conclusion has been reached. In fact, in two prior opinions this office has come to the same result. *See* Tex. Att'y Gen. Op. Nos. JC-0517 (2002) at 3 ("A county has no authority to permit or to impose additional requirements on a vehicle that has a permit from the Department under section 623.011."), GA-0088 (2003) at 7 ("A commissioners court may not impose additional regulations with regard to weight on trucks granted an overweight certificate by the Texas Department of Transportation . . . ."). More importantly, however, a Texas court of appeals has concluded that a county may not require an overweight vehicle to have a county permit if the vehicle has a valid permit issued by the state. *See Scurlock Permian Corp. v. Brazos County*, 869 S.W.2d 478, 490 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (considering the question under the statutory predecessor to section 623.011). Therefore, in accordance with the clear language of the statute, the prior opinions of this office, and the court of appeals opinion, we again conclude that counties are prohibited from requiring an operator of an overweight vehicle to obtain a permit from the county when the operator has obtained a permit from the Department under section 623.011.

# S U M M A R Y

A county commissioners court is not authorized to require the operator of an overweight vehicle to obtain a permit from the county when the operator has obtained a permit from the Department of Transportation under section 623.011, Texas Transportation Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee