
March 11, 2019

The Honorable Matthew Poston
Liberty County Attorney
1923 Sam Houston Street, Suite 202
Liberty, Texas 77575

Opinion No. KP-0245

Re: Authority of county law enforcement to enforce county weight regulations on county roads (RQ-0251-KP)

Dear Mr. Poston:

You seek an opinion on the "authority of county law enforcement officers to enforce county weight limitations on county roads."[1] You tell us that the Liberty County (the "County") Precinct 2 Constable's Office applied for the Texas Department of Transportation's (the "Department") vehicle weight enforcement training, which the Department denied claiming the constables and deputy constables did not qualify as "weight enforcement officers" under Transportation Code section 621.401. *See* Request Letter at 2; *see also* TEX. TRANSP. CODE § 621.401 (defining "weight enforcement officer" to include a sheriff and deputy sheriff but excluding most constables and deputy constables). You state that in response the County authorized the constables and deputy constables to assume a second commission as sheriff's deputies and exercise weight enforcement activities under the supervision of the sheriff's department. *See* Request Letter at 2; *see also* Tex. Att'y Gen. Op. No. KP-0189 (2018) at 2, 4 (determining that Texas law does not preclude a constable or deputy constable to simultaneously serve as a deputy sheriff). Despite our opinion concluding Texas law allowed the practice, you inform us that the Department forbids the certification of such dual-commissioned officers who are not full-time employees of the appointing agency.[2] *See* Request Letter at 3.

In response to the Department's refusal, you ask three questions. *Id.* at 1. You first ask whether a local law enforcement officer must be certified by the Department to enforce weight restrictions on county roads under Transportation Code section 251.153. *Id.* You next ask whether the Department can "revoke a county law enforcement officer's authorization granted by the county commissioners court" under section 251.153. *Id.* Lastly, you ask whether the authorization given by a commissioners court under section 251.153 is "identical to the 'authority' described by

---

[1]Letter from Honorable Matthew Poston, Liberty Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 10, 2018), https://www2.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]You do not ask and we do not opine on the Department's authority to forbid the certification of a deputy sheriff who is not a full-time employee of the sheriff's office. *See* TEX. TRANSP. CODE § 621.401.

. . . Transportation Code [subsection] 621.402(e)." *Id.* Your questions implicate several provisions of the Transportation Code.

The Transportation Code contains the County Road and Bridge Act, which grants counties authority over county roads.[3] *See generally* TEX. TRANSP. CODE §§ 251.001–.161. Subsection 251.153(a) authorizes a county commissioners court to "establish load limits for any county road or bridge" as prescribed by Transportation Code section 621.301. *Id.* § 251.153(a); *see also id.* § 621.301(a) (providing authority for county to establish load limits for county roads or bridges "only with the concurrence of the Texas Department of Transportation"). Relevant here, subsection 251.153(b) permits a county commissioners court to "authorize a county traffic officer, sheriff, deputy sheriff, constable, or deputy constable to weigh a vehicle to ascertain whether the vehicle's load exceeds the limit prescribed by the commissioners court." *Id.* § 251.153(b).

The other provisions implicated by your questions are found in chapter 621 of the Transportation Code, which grants the Department authority over vehicle weight and size. Subsection 621.402(e)(1) requires the Department to establish rules for uniform weighing procedures for the accurate weighing of motor vehicles. *Id.* § 621.402(e)(1). Relevant here, the Department's rule adopted under subsection 621.402(e)(1) requires, in part, all weight enforcement officers to attend and successfully complete weight enforcement training provided by the Department and to maintain certification by fulfilling continuing education requirements. *See* 37 TEX. ADMIN. CODE § 4.56(b) (Tex. Dep't. of Pub. Safety, "Uniform Weighing Procedures for Weight Enforcement Officers"). Section 621.401 defines a "weight enforcement officer" to include those constables or deputy constables "designated under Section 621.4015." TEX. TRANSP. CODE § 621.401; *see id.* § 621.4015(a) (limiting by population bracket which counties' constables or deputy constables can be weight enforcement officers). This office recognized that "[c]onstables and deputy constables not mentioned in section 621.401 are not authorized by that section to be weight enforcement officers." Tex. Att'y Gen. Op. No. KP-0189 (2018) at 3. Transportation Code subsection 621.402(e)(2)(B) authorizes the Department to "revoke or rescind the authority of . . . weight enforcement officers of a . . . constable's office that fails to comply with those rules." *Id.* § 621.402(e)(2)(B); *see also* 37 TEX. ADMIN. CODE § 4.56(f)(2).

Your third question about the nature of the "authority" granted in subsections 251.153(b) and 621.402(e) is fundamental to your other questions, so we address it first. You suggest that reconciling these provisions requires one to segregate the authority granted to a local law enforcement officer by a commissioners court under chapter 251 from the authority which the Department may revoke under chapter 621, resulting in two separate weight enforcement systems: "a county-wide enforcement authority limited to enforcing county regulations on county roads [and] a state-wide enforcement authority that expansively gives authority to state and local law enforcement the ability to enforce state and local regulations." Request Letter at 4–5. Judicial and attorney general opinions examining different provisions in the County Road and Bridge Act

---

[3]The Legislature codified article 6702-1 of the Revised Civil Statutes, also known as the County Road and Bridge Act, in the Transportation Code in 1995. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 251.001–.161 (codifying nonsubstantive revision), § 24 (repealer), 1995 Tex. Gen. Laws 1025, 1150–61, 1871.

against provisions in chapter 621 suggest otherwise. These opinions construe chapter 251 and chapter 621 together, implicitly recognizing that they are part of one statewide framework.

In *Scurlock Permian Corp. v. Brazos County*, a Texas court of appeals determined that the specific provisions of chapter 621 are exceptions to, or qualifications to, the more general provisions in the County Road and Bridge Act. *See* 869 S.W.2d 478, 486 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The court considered provisions in the County Road and Bridge Act authorizing a county to establish load limits on any road or bridge against the State's authority under Revised Civil Statute article 6701d-11—the predecessor statute to Transportation Code section 621.101—to regulate the size and weight of vehicles on Texas highways.[4] *See id.* at 481. At issue was Brazos County's traffic regulations imposing a weight limit on vehicles traveling on its county roads and providing for a county permit system for vehicles exceeding the established weight. *See id.* at 482. After legislative amendments to article 6701d-11 established a statewide permitting system, Scurlock, a crude oil marketing and oil field service company, purchased a statewide permit and sought to enjoin Brazos County from requiring county permits, arguing that the amendments to article 6701d-11 preempted Brazos County's power to regulate vehicle weight. *See id.* The trial court found that article 6701d-11 irreconcilably conflicted with the County Road and Bridge Act's grant of authority to counties to regulate overweight vehicles. *See id.*

The court of appeals noted that the Legislature is presumed to have adopted its amendments regarding the statewide permitting system with knowledge of the County Road and Bridge Act. *See id.* at 486. The court also recognized the two statutes concerned the same subject matter and construed them to give meaning to both. *See id.* The court stated that "[a] special or specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted." *Id.* The court observed that the County Road and Bridge Act deals generally with "a county's authority to regulate traffic on county roads," whereas article 6701d-11 specifically authorizes "the state to issue permits for overweight vehicles, and grants counties *limited* power to issue [such] permits." *Id.* Thus, the court reconciled the two statutes finding that the "specific provisions of article 6701d-11 are an exception or qualification to the general provisions of the County Road and Bridge Act; and that article 6701d-11 prevails over the County Road and Bridge Act." *Id.*

Similarly, previous attorney general opinions considering analogous provisions under the County Road and Bridge Act against chapter 621 utilize the same analysis, construing them together as part of one framework. *See* Tex. Att'y Gen. Op. Nos. GA-0509 (2007) at 1–2 (construing county's authority to set road weight limits in subsection 251.153(a) against Department's authority to set maximum gross weights in section 621.102 and concluding that a county may not require a permit for an overweight vehicle when the operator has a permit from the Department), GA-0088 (2003) at 7 ("A commissioners court may not impose additional regulations with regard to weight on trucks granted an overweight certificate by the . . . Department . . . ."), JC-0517 (2002) at 3 ("A county has no authority to permit or to impose additional requirements on a vehicle that has a permit from the Department . . . ."). Like the

---

[4] *See supra* note 3.

*Scurlock* opinion, these attorney general opinions recognize a statewide weight enforcement framework instead of isolated provisions granting separate authorities.

These analogous opinions direct an affirmative answer to your third question. A court would likely conclude that one statewide weight enforcement framework exists, and the authority granted to a constable under subsection 251.153(b) is identical to the authority described by subsection 621.402(e).

With regard to your first question about the required certification of a local law enforcement officer, Transportation Code sections 251.153 and 621.402 concern the same subject matter and should be construed to give meaning to both. *See Scurlock,* 869 S.W.2d at 486. Following the lead of the *Scurlock* opinion, we construe subsection 621.402(e)(1) and the rule implementing it as a qualification to subsection 251.153(b), thereby preserving the meaning of both provisions. While the certification requirement is in the Department's rule, it is a rule mandated by and in harmony with subsection 621.402(e)(1). *See generally R.R. Comm'n v. Lone Star Gas Co.,* 844 S.W.2d 679, 685 (Tex. 1992) ("The determining factor . . . whether . . . a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act."). Thus, a local law enforcement officer, by the authority granted by a commissioners court, may enforce weight restrictions but only if he or she is a certified weight enforcement officer. Accordingly, a court would likely conclude that a local law enforcement officer such as a constable or deputy constable must be certified by the Department to enforce weight restrictions, even if he or she enforces those restrictions only on county roads.

With regard to your second question about the Department's authority to revoke a constable or deputy constable's authority, we likewise construe subsection 621.402(e)(2)(B) as an exception to, or qualification of, the general authority granted in subsection 251.153(b). So construing the provisions, a county may authorize its constables and deputy constables to weigh vehicles subject to the Department's authority to revoke or rescind the constable or deputy constable's appointment as allowed by subsection 621.402(e)(2)(B). Thus, a court would likely conclude that the Department may revoke a constable's authorization to weigh vehicles granted by a county commissioners court under subsection 251.153(b).

## S U M M A R Y

Following analogous judicial and attorney general opinions, a court would likely conclude that one statewide weight enforcement framework exists under Transportation Code chapters 621 and 251. Thus, the authority granted to a constable or deputy constable under Transportation Code section 251.153 is identical to the authority described by Transportation Code section 621.402.

Construing Transportation Code subsection 621.402(e)(1), and the Department of Transportation's rule implementing it as a qualification to Transportation Code subsection 251.153(b), a court would likely conclude that a local law enforcement officer such as a constable or deputy constable must be certified by the Department to enforce weight restrictions, even if he or she enforces those restrictions only on county roads.

Similarly, construing Transportation Code subsection 621.402(e)(2)(B) as a qualification to Transportation Code subsection 251.153(b), a court would likely conclude that the Department may revoke a constable's authorization to weigh vehicles granted by a county commissioners court.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee